# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DERICK AMES; JOSHLIN AMES; MARIO SMITH; as Next of Kin to ELIZABETH AMES, deceased, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 11-2942-STA-tmp ) |
| ETHICON ENDO-SURGERY, INC.; JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.; DR. LEE R. MORISY; MORISY & WOODS, MDs; BAPTIST MEMORIAL HOSPITAL MEMPHIS; and HEALTH FIRST MEDICAL GROUP, PLC, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER DISMISSING PLAINTIFFS' CLAIMS AGAINST ETHICON ENDO-SURGERY, INC.; JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.; DR. LEE R. MORISY; MORISY & WOODS MDS; AND HEALTH FIRST MEDICAL GROUP, PLC ONLY**

Before the Court is Plaintiffs' Notice of Dismissal of Defendants Ethicon Endo-Surgery, Inc. ("Ethicon"), Johnson & Johnson Health Care Systems, Inc. ("J&J"), Baptist Memorial Hospital Memphis ("Baptist"), Lee R. Morisy, M.D., Morisy & Woods, Mds, and Health First Medical Group, PLC (D.E. # 11), filed on January 10, 2012. Ethicon and J&J filed a Response (D.E. # 12) on January 10, 2012. They also filed a second Notice of Response (D.E. # 13) on January 10, 2012. For the following reasons, Plaintiffs' Notice of Dismissal is **ED**.

## BACKGROUND

Plaintiffs initially filed a Complaint on September 8, 2011, in the Circuit Court of Shelby County. (D.E. # 1.) Plaintiffs then amended their Complaint twice, with the Second Amended Complaint ultimately being filed on September 23, 2011. (D.E. # 1.) Ethicon and J&J removed the case to this Court on October 26, 2011. (D.E. # 1.) They filed a Motion to Dismiss that same day. (D.E. # 4.)

Pursuant to Rule 41(a)(1)(A)(i), Plaintiffs took a nonsuit and voluntarily dismissed all of their claims without prejudice on January 10, 2012. (D.E. # 11.) Ethicon and J&J filed a Response that same day, which stated that they did not object to the dismissal of the case without prejudice if Plaintiffs agreed to re-file any claims against them only in the U.S. District Court for the Western District of Tennessee. (D.E. # 12.) They also did not object to the dismissal of the litigation if Plaintiffs' claims against them were dismissed with prejudice. (D.E. # 12.) Ethicon and J&J also filed a second Response on January 10, 2012, noting that Baptist had filed an Answer while the case was in state court. (D.E. # 13.) Baptist's Answer can be found at D.E. # 1-3 at page 88.

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) ("Rule 41(a)(1)(A)(i)") permits an action to "be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." The Sixth Circuit has "taken [Rule 41(a)(1)(A)(i)] at face value" and assumed that it "'means what it says.'"[1] It noted that Rule 41(a)(1)(A)(i) does not sanction a case-by-case analysis of the amount of effort expended by the defendants. "Unless a defendant

---

[1] *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993).

2

has filed an answer or summary judgment motion, the governing provision is [R]ule 41(a)(1). Defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under [R]ule 41(a)(1) may do so by taking the simple step of filing an answer."[2] Furthermore, "Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands; once [a] plaintiff gives his notice, the lawsuit is no more."[3]

Therefore, Ethicon and J&J's Responses requesting that the claims against them be dismissed with prejudice or that the Court grant dismissal without prejudice only so long as Plaintiffs are required to refile against them in federal court are to no avail. Plaintiffs voluntarily dismissed the case against Ethicon and J&J when they filed the Notice of Dismissal under Rule 41(a)(1)(A)(i). At that point, as the Sixth Circuit has said, "the lawsuit [was] no more." Therefore, the Court need not consider the requests raised in Ethicon and J&J's Responses. The fact that Baptist filed an Answer in state court, which formed part of the Notice of Removal and is now properly before this Court, does not affect Plaintiffs' ability to voluntarily dismiss their case as to those defendants who have not yet filed Answers or Motions for Summary Judgment. Therefore, the Court finds that Plaintiffs have voluntarily dismissed without prejudice their claims against all Defendants except Baptist.

However, Baptist has filed an Answer. (D.E. # 1-3 at 88.) With respect to Baptist, Plaintiffs must file a Stipulation of Dismissal or alternatively a Motion for Voluntary Dismissal

---

[2] *Id.* (quoting with approval *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)).

[3] *Id.*

pursuant to Rule 41(a)(2). Therefore, Plaintiffs' Notice of Dismissal has no effect on its claims against Baptist.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 24, 2012